## SUCCESSION OF SARAH PENNY.

Where one of two joint administrators is prevented by sickness from taking the oath before the court where the administration is granted, but takes it before a Justice of the Peace in another parish and transmits it to the Clerk of the court where the succession is opened, it will satisfy the law in relation to the oath of administrators.

The appointment by administrators residing out of the parish where the succession is opened of an agent residing in that parish, made before they had qualified, but after the decree conferring upon them the administration, is valid.

APPEAL from the District Court of East Feliciana, *Ratliff,* J.

*Muse & Hardee,* for *Bloom,* appellant. *George S. Sawyer* and *S. E. Hunton,* for appellee.

BUCHANAN, J. The defendants having been preferred to the plaintiff for the administration of the estate of *Mrs. Sarah Ann Penny*, deceased, by judgment of this court rendered at the April term, 1855, (10th An., 290,) the plaintiff presented his petition, subsequently to their having qualified as administrators, that they might be removed from office, on the grounds: <span style="float:right">SUCCESSION OF PENNY.</span>

1st. That they had not taken the oath of office as administrators, in the manner required by the decree of this court.

2d. That before qualifying as administrators, defendants had appointed an attorney-in-fact residing in the parish to represent them in the administration; which attorney-in-fact subsequently declined the said trust.

I. Of the two joint administrators, one, *Mr. Foster*, was sworn before the Clerk of the court which appointed him; and the other, *Mrs. Foster*, was sworn before a Justice of the Peace in the parish of Concordia, and her oath of office duly transmitted to the Clerk of the court in which the succession was opened. A satisfactory reason has been proved for *Mrs. Foster's* not having been sworn in court as her husband was, namely: the delicate state of her health at the time, which rendered it dangerous for her to travel. We are of opinion, that the requirements of the law in relation to the oath of the administrators have been complied with.

II. The administrators appointed a resident of the parish of East Feliciana as their attorney-in-fact under the Act of 1847, (page 115,) after the decree of this court conferring upon them the administration, but in point of fact a few days before they had qualified as administrators. We do not consider this point of time as affecting the validity of the proceeding.

The attorney-in-fact thus appointed (*U. B. Rourk*) signified in writing to defendants his recognition of the quality of attorney-in-fact thus conferred upon him by defendants. He subsequently put of record a renunciation of the mandate, with the professional assistance of the counsel of the plaintiff.

But it is proved, that the defendants on being informed of the renunciation of their mandate thus made by *Mr. Rourk*, immediately appointed another resident of the parish of East Feliciana (*Mr. McRae*) as their attorney-in-fact for the purposes of the administration, who made appearance in court and formally accepted the mandate.

There are various other points which have been discussed in argument, but which are unnecessary to examine for the decision of this appeal.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

MERRICK, C. J., took no part in the decision of this case.